■ The People of the State of New York, Respondent, v Norman McBride, Appellant. [872 NYS2d 109]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at suppression hearing; Daniel P. FitzGerald, J., at plea and sentence), rendered March 31, 2005, convicting defendant of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 14 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress statements and physical evidence as fruits of a warrantless home arrest that allegedly violated *Payton v New York* (445 US 573 [1980]). Initially, we find no basis to disturb the court's credibility determinations, including its rejection of those portions of the testimony of a defense witness that did not correspond to the police testimony.

It is undisputed that the police had probable cause to arrest defendant for an armed robbery. When the police went to defendant's residence at about 11:00 P.M., after he had been identified as a participant in a restaurant robbery, they knocked, heard noise within, but received no response. After several minutes of knocking, one officer called the apartment on the lobby intercom, and a male voice answered. Meanwhile, other detectives, concerned that defendant might try to flee, climbed the fire escape, and observed defendant lying face down on a bedroom floor. When the officers asked defendant, again, to open the door, the detective at the fire escape window saw someone else run by. Detectives at the apartment's door were greeted by a distraught and hyperventilating young woman who was unable to respond to their inquiries as to what was going on and whether she was all right. As a result, the detectives entered the apartment to ensure that no one was in danger within, and immediately arrested defendant.

We conclude that this warrantless entry was justified by exigent circumstances, including, in particular, the violent nature of the underlying offense, the knowledge of the police that defendant was in the apartment and their reasonable belief that he was armed, and the behavior and demeanor of the woman that suggested a dangerous and volatile situation (see People v Pollard, 304 AD2d 476 [2003], lv denied 100 NY2d 585 [2003]). We also reject defendant's argument that the police created any exigency. The evidence properly credited by the hearing court did not show that the police did anything to frighten the woman out of the apartment. On the contrary, the police had every reason to believe she was reacting to some actual or threatened conduct by defendant, who the police knew to be a parolee wanted for armed robbery. We note that at the suppression hearing defendant made no argument concerning the seizure of the hat, gloves and coat, and thus the lawfulness of the seizure is not properly before us.

Given our conclusion that the warrantless entry into the apartment was justified by exigent circumstances, we have no occasion to review the hearing court's finding that defendant's statements at the precinct were sufficiently attenuated from any unlawful entry.

The hearing court properly denied defendant's motion to suppress identification testimony. The lineup was not unduly suggestive (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). The participants were reasonably similar to each other and defendant did not stand out. The lineup was not rendered suggestive by the fact that defendant wore a gray

sweatshirt in the lineup, which was part of the clothing description provided by one of the witnesses to the robbery. This unremarkable item of clothing would not reasonably be construed to have drawn attention to defendant, especially since some lineup participants wore sweatshirts of other colors, since the sweatshirt was only a part of a detailed clothing description, and since the passage of several days between the robbery and the lineup reduced the significance of any similarity between the attire of a lineup participant and that of the described suspect (*see People v Santos*, 250 AD2d 413 [1998], *lv denied* 92 NY2d 905 [1998], *cert denied* 525 US 1076 [1999]). Concur—Lippman, P.J., Mazzarelli, Buckley, McGuire and DeGrasse, JJ.